UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDDIE SPELLMAN, ) | Case No.: 2:09-cv-02057-RLH-RJJ |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion to Dismiss–#7) |
| ) | |
| SGT. B. KYKER, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Benjamin E. Kyker's (sued as Sgt. B. Kyker) **Motion to Dismiss** (#7), filed August 5, 2010.  The Court has also considered Plaintiff Eddie Spellman's Opposition (#11), filed August 17, 2010.  This Opposition was filed as a Motion to Amend the Complaint, but was, in reality, also an opposition to the Motion to Dismiss.  No reply was filed.

Spellman alleges that Sgt. Kyker slammed his (Spellman's) shoulder into a cell door while he (Spellman) was incarcerated.  Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust his administrative remedies before bringing suit in federal court.  42 U.S.C. § 1997e(a).  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Further, the PLRA requires proper exhaustion of administrative remedies.  *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).  "Proper exhaustion demands compliance

with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. 90–91. In the Ninth Circuit, non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by a defendant in an unenumerated motion to dismiss under Fed. R. Civ. P. 12(b). *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

In Spellman's Opposition/Motion to Amend (#11), Spellman admits that he did not understand the grievance process and thereby did not exhaust his administrative remedies. The Nevada Department of Corrections has created a grievance process for claims such as these set forth in Administrative Regulation 740. Spellman, admittedly, did not follow this process. Therefore, the Court must dismiss Spellman's action and grant the Motion to Dismiss.

Further, the Court denies Spellman's Motion to Amend as moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Kyker's Motion to Dismiss (#7) is GRANTED.

IT IS FURTHER ORDERED that Spellman's Motion to Amend (#11) is DENIED as moot. The Clerk of the Court is instructed to close this case.

Dated: November 29, 2010.

_____
ROGER L. HUNT
Chief United States District Judge